UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


KRIS DENNARD,

      Petitioner,

v.                                                      Case No. 8:11-cv-336-T-17TBM

SECRETARY, DEPARTMENT
OF CORRECTIONS,

      Respondent.

_____

### ORDER

This cause is before the Court on Petitioner Kris Dennard's untimely Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) signed on February 14, 2011 and filed on

February 17, 2011. Dennard argues that his guilty plea, entered before the Thirteenth Judicial

Circuit for Hillsborough County, Florida in cases no. 00-CF-014086 and 00-CF-015206, was in

violation of both the United States Constitution and the Florida Constitution. (Doc. 1 at 6). The

State responded by filing an Order to Show Cause (Doc. 5) on May 26, 2011, and Dennard

provided a reply on June 29, 2011. (Doc. 8). A review of the record and applicable law

demonstrates that, for the following reasons, Dennard's petition must be **denied**.

### BACKGROUND AND PROCEDURAL HISTORY

On September 28, 2000, the Hillsborough County State Attorney filed a two-count

Information charging Dennard with robbery (home invasion) (case no. 00-CF-15206). (Exh. 1).

On April 6, 2001, the Hillsborough County State Attorney filed a two-count Supersedes

Information charging Dennard with robbery (firearm) and aggravated fleeing to elude (case no.

00-CF-14086). *Id.*

On May 31, 2001, Dennard pled guilty open to the charges in cases no. 00-CF-15206 and 00-CF-14086. (Exh. 2). On November 29, 2001, the trial court sentenced Dennard in each case to a term of natural life, with a ten-year minimum mandatory in each case to run concurrent. (Exh. 3 at 20). Dennard did not directly appeal the judgment and sentence. On August 30, 2002, the Second District Court of Appeal denied Dennard's Petition for Belated Appeal pursuant to Fla. R. App. P. 9.141(c) (case no. 2D02-1726). (Exh. 4).

On November 29, 2002, Dennard signed a Motion for Post-conviction Relief pursuant to Fla. R. Crim. P. 3.850 (first Rule 3.850 motion), which was filed on December 6, 2002. (Exh. 5). In his motion, Dennard raised four grounds for relief, all concerning ineffective assistance of counsel (grounds one through four). *Id.* On February 17, 2003, the trial court summarily denied grounds one, two, and four and ordered the Office of the State Attorney to respond to ground three. (Exh. 6 at 7).

On July 17, 2003, Dennard signed an Amended Motion for Post-Conviction Relief pursuant to Fla. R. Crim. P. 3.850 (amended motion). (Exh. 7). In his amended motion, Dennard raised an additional six grounds for relief (grounds five through ten). *Id.* On August 19, 2003, the trial court summarily denied grounds five, nine, and ten and ordered the Office of the State Attorney to respond to grounds six, seven, and eight. (Exh. 8 at 10). On October 15, 2003, the trial court summarily denied grounds seven and eight and ordered an evidentiary hearing on ground six. (Exh. 9 at 5). That same day, the trial court summarily denied grounds one, four, and five; ordered the Office of the State Attorney to file a supplemental response to ground two; and stated that Dennard was entitled to an evidentiary hearing on ground three. *Id.* at 8. In addition, on November 13, 2003, the trial court granted Dennard's Motion For Rehearing, stating that he

was entitled to an evidentiary hearing on grounds four and five. (Exh. 11 at 6). The trial court also denied ground two. *Id.*

On November 21, 2003, Dennard signed a second Amended Motion for Post-Conviction Relief pursuant to Fla. R. Crim. P. 3.850 (second amended motion). (Exh. 12). In his second amended motion, Dennard raised one additional ground for relief (ground eleven). *Id.*

On January 12, 2004, the trial court summarily denied ground nine and ordered an evidentiary hearing on ground eight of Dennard's amended motion. (Exh. 13 at 6).

On May 4, 2004, an evidentiary hearing was held on the remaining grounds of Dennard's first Rule 3.850 motion, amended motion, and second amended motion. (Exh. 14). On June 14, 2004, the trial court denied ground three of Dennard's first Rule 3.850 motion; grounds six, seven, and eight of Dennard's amended motion; and ground eleven of Dennard's second amended motion. (Exh. 15 at 13). That same day, the trial court denied grounds three, four, five, and eight. *Id.* at 11. These orders were the last issued by the trial court regarding Dennard's first Rule 3.850 motion, his amended motion, and his second amended motion.

On January 6, 2005, Dennard filed a Motion to Correct Illegal Sentence pursuant to Fla. R. Crim. P. 3.800 (Rule 3.800 motion). (Exh. 16). In his motion, Dennard argued that his sentence was above the statutory maximum allowed for the offenses to which he pled guilty. *Id.* Specifically, Dennard asserted that his offenses were second-degree felonies, punishable by a maximum of fifteen years in prison. *Id.* On May 31, 2005, the trial court dismissed Dennard's Rule 3.800 motion. The trial court stated that it lacked jurisdiction to rule on the Rule 3.800 motion because the issues Dennard raised were related to those he raised previously in his first Rule 3.850 motion. At the time, his first Rule 3.850 motion had been denied by the trial court and was pending before the Second District Court of Appeal. *Id.*

3

On July 6, 2005, the Second District Court of Appeal issued a mandate after affirming the trial court's June 14, 2004, final order denying Dennard's Rule 3.850 motion, amended motion, and second amended motion (case no. 2D04-3265/04-3306 consolidated). (Exh. 17); *see Dennard v. State*, 906 So. 2d 1067 (Fla. Dist. Ct. App. 2005).

On March 3, 2006, the Second District Court of Appeal reversed the trial court's dismissal of Dennard's Rule 3.800 motion and remanded the motion for consideration on its merits (case no. 2D05-3035). *Dennard v. State*, 920 So. 2d 197 (Fla. Dist. Ct. App. 2006). The appeals court concluded that the trial court had jurisdiction over the Rule 3.800 motion because the issues Dennard raised in the Rule 3.800 motion were not the same as the issues he raised in his first Rule 3.850 motion. *Id.*

On March 10, 2006, Dennard filed a second Motion for Post-conviction Relief pursuant to Fla. R. Crim. P. 3.850 (second Rule 3.850 motion). (Exh. 22). In his motion, Dennard alleged that because the sentence imposed by the trial court on November 29, 2001 was beyond the statutory maximum and without a jury's findings, the sentence was in violation of the holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Hughes v. State*, 901 So. 2d 837 (Fla. 2005). (Exh. 22).

On May 30, 2006, the trial court denied Dennard's Rule 3.800 motion. (Exh. 19 at 3). In its order, the trial court noted that Dennard's offenses were violations of Fla. Stat. §§ 775.087(2) and 812.135(1)(b) and were punishable by a maximum sentence of life imprisonment. (Exh. 19 at 2). Furthermore, the trial court stated that when a firearm or weapon is used during the commission of a robbery, the offense can be enhanced from a first-degree felony to a life felony. *Id.* Because Dennard was sentenced to life in prison, the trial court concluded that his sentence did not exceed the statutory maximum. *Id.* Finally, the trial court found that the record clearly

showed that Dennard knew he was pleading to first-degree felonies, punishable by a maximum sentence of life imprisonment. *Id.* at 2–3. On September 26, 2007, the Second District Court of Appeal issued a mandate after affirming the trial court's denial of Dennard's Rule 3.800 motion (case no. 2D07-2548). (Exh. 20); *see Dennard v. State*, 963 So. 2d 708 (Fla. Dist. Ct. App. 2007).

On August 28, 2008, the trial court summarily denied Dennard's second Rule 3.850 motion, stating that the motion was both untimely and successive. (Exh. 21). In addition, the trial court determined that Dennard's *Apprendi* claim was meritless. *Id.* On December 23, 2009, the Second District Court of Appeal issued a mandate after affirming the trial court's denial of Dennard's second Rule 3.850 motion (case no. 2D08-4933). (Exh. 22); *see Dennard v. State*, 23 So. 3d 116 (Fla. Dist. Ct. App. 2009).

On April 30, 2010, Dennard filed a third Motion for Post-conviction Relief pursuant to Fla. R. Crim. P. 3.850 (third Rule 3.850 motion). (Exh. 23). On May 7, 2010, the trial court summarily denied Dennard's motion, stating that the motion was both untimely and successive. (Exh. 24). On December 1, 2010, the Second District Court of Appeal issued a mandate after affirming the trial court's denial of Dennard's third Rule 3.850 motion (case no. 2D10-3047). (Exh. 25); *see Dennard v. State*, 49 So. 3d 241 (Fla. Dist. Ct. App. 2010).

On February 14, 2001, Dennard signed the instant 28 U.S.C. § 2254 petition. In the petition, Dennard claims:

> [He] was denied due process in violation of the Fourteenth Amendment of the United States Constitution and Article I, Section 9 of the Florida Constitution by virtue of the trial judge imposing sentence greater than the sentence agreed upon after the negotiated plea was declared breached without first allowing defendant an opportunity to withdraw his plea.

(Doc. 1 at 6).

## DISCUSSION

### Petition Is Time-Barred

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The trial court adjudicated Dennard guilty and sentenced him to life in prison on November 29, 2001. (Exh. 3). When a defendant does not directly appeal, a plea-based judgment ordinarily becomes final once the 30-day period for filing an appeal has expired. *See McGee v. State*, 684 So. 2d 241 (Fla. Dist. Ct. App. 1996) (treating judgment and sentence upon entry of plea as final when time for filing appeal expired). Because Dennard did not timely appeal,[1] his judgment became final on or around December 30, 2001. Therefore, the one-year limitation period began running on December 30, 2001, and Dennard had until December 30, 2002, to file a timely federal habeas corpus petition or a state collateral proceeding that would toll the running of the one-year period.

---

[1]     The Second District Court of Appeal denied Dennard's Petition for Belated Appeal on August 30, 2002. (Exh. 4).

When Dennard's first Rule 3.850 motion, signed on November 29, 2002, tolled the running of the limitations period, a total of approximately 334 days of the one-year limitations period had expired. While Dennard's first Rule 3.850 motion was still pending on appeal,[2] Dennard filed a Rule 3.800 motion on January 6, 2005. Dennard's Rule 3.800 motion was resolved on September 26, 2007, when the Second District Court of Appeal issued a mandate after affirming the trial court's denial of the motion (case no. 2D07-2548). (Exh. 20); *see Dennard v. State*, 963 So. 2d 708 (Fla. Dist. Ct. App. 2007). Thus, the one-year period of limitation began running again on September 26, 2007.

Although Dennard filed two subsequent 3.850 motions (second 3.850 motion and third 3.850 motion), neither motion tolled the running of the one-year period.[3] In both instances, the trial court denied the motions as untimely and successive, and the Second District Court of Appeal issued mandates after affirming the denials. (Exhs. 21–25). Consequently, the period of limitation continued to run from September 26, 2007, until February 14, 2011, when Dennard signed the instant petition. This period of time totals over three years, which is well over the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1), even when not added to the previously accumulated 334 days.

In his reply, Dennard concedes that the instant petition is untimely but asserts that "the miscarriage of justice exception applies to the instant case." (Exh. 8 at 3). However, Dennard has

---

[2]    On July 6, 2005, the Second District Court of Appeal issued a mandate after affirming the trial court's final order denying Dennard's Rule 3.850 motion, amended motion, and second amended motion. (Exh. 22).

[3]    Even if the second and third 3.850 motions did toll the period of limitation, Dennard's instant petition would still be untimely. The Second District Court of Appeal issued a mandate after affirming the trial court's denial of Dennard's third and final Rule 3.850 motion on December 1, 2010, more than two months before he signed the instant petition. (Exh. 25); *see Dennard v. State*, 49 So. 3d 241 (Fla. Dist. Ct. App. 2010). When this two months is added to the previously accumulated 334 days, the period totals more than one year.

neither presented any facts to warrant the application of an exception in this case nor shown that exceptional circumstances warrant equitable tolling.

Accordingly, the Court orders:

That Dennard's petition for writ of habeas corpus is denied as time-barred. The Clerk is directed to enter judgment against Dennard and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, this 21st day of July 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE